WILLIAM J. CUTLER *vs.* S. C. WHITCHER.

March 27, 1875.

Lease—Renewal—Assignment.—Where a lease for six months contained a clause, "A continuance of this lease for the term of one year, at the same rate, to be at the option of the party of the first part," (the lessor,) and after the expiration of the six months, the lessee endorsed on the lease and executed an assignment to W., and under this assignment, the lessor and W. wrote and signed, "This assignment satisfactory;" *Held*, there being no fraud or other matter to avoid the transaction as a contract, that the assignment and the consent to it, signed by the parties, are conclusive that the lease was continued, and that it was assigned to W., and not to any other person.

Action for rent against defendant as assignee of a written lease, the complaint alleging that at the expiration of the original term, the lease was renewed, pursuant to an agreement contained in it, and was afterwards assigned to defendant. Answer putting in issue the renewal and the assignment. Trial in the court of common pleas for Ramsey county, before *Hall*, J., resulting in a verdict for plaintiff. A new trial was refused, and defendant appealed.

*U. L. Lamprey*, for appellant.

*Newel & Brill*, for respondent.

GILFILLAN, C. J. In this case, there was a lease in writing of certain premises from plaintiff to S. Slosson & Son, for six months from November 25, 1872, which lease contained the clause, "A continuance of this lease for the term of one year, at the same rate, to be at the option of the party of the first part." After the six months expired, S. Slosson & Son endorsed on the lease, "We hereby assign and set

over to S. C. Whitcher all our right, title and interest to the within lease. * * Dated Saint Paul, the 28th day of May, 1873. S. SLOSSON & SON."

Under this, the parties hereto wrote and signed, "This assignment satisfactory. WILLIAM J. CUTLER, June 2, 1873. S. C. WHITCHER."

In the absence of proof of fraud, or other matter which would avoid this transaction as a contract,—and we see no such proof in the case,—these writings are conclusive upon two points: 1. that there was a continuance of the lease, as provided for by it; and, 2. that the lease, as continued, was assigned to S. C. Whitcher, and not to any one else. As there was a verdict for plaintiff below, on the basis that these two points were established, the verdict is in accordance with the law, and the order denying a new trial is affirmed.